IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALFRED SMITH, JR.,

                                                                OPINION AND ORDER

          Plaintiff,

                                                                    18-cv-373-bbc

    v.

RONALD K. MALONE and JON E. LITSCHER,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff James Alfred Smith, Jr. is an inmate incarcerated by the Wisconsin Department of Corrections at the Milwaukee Secure Detention Facility. He filed this "petition for extraordinary writ" under 42 U.S.C. § 1983, contending that defendants Ronald K. Malone and Jon E. Litscher have violated his constitutional rights. Plaintiff has not yet paid the filing fee, but I assume this is because he cannot afford to do so, as he has been found indigent in two previous cases, <u>Smith v. Pollard</u>, 16-cv-9-slc, dkt. #6 (filed Jan. 6, 2016), and <u>Smith v. Pollard</u>, 16-cv-10-slc, dkt. #6 (filed Jan. 6, 2016).

       As plaintiff is well aware from his previous § 1983 actions (he has filed at least ten previous cases in this court), he is a restricted filer under 28 U.S.C. § 1915(g) because three or more of his civil actions have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Therefore, plaintiff is not allowed to bring a civil action in federal court without first paying the full filing fee unless his pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

       Plaintiff's allegations do not clearly suggest that he is in imminent danger. As in his

most recently dismissed case, Smith v. Malone, 17-cv-963-bbc (dismissed on March 28, 2018), plaintiff's allegations are rambling and difficult to follow, but it appears that his primary complaints are based on decisions made in prior lawsuits he filed in state and federal court. He also includes allegations about retaliation, health care, physical and sexual assaults, conspiracies and violations of his right to equal protection and due process. However, his allegations are vague and confusing and it remains unclear whether and to what extent he is saying that he is still subject to retaliation, denied medical care or otherwise being harmed. Moreover, plaintiff does not clearly connect a claim of imminent danger to the named defendants.

Because plaintiff has not shown that he is in imminent danger, he cannot proceed without paying a filing fee. Ordinarily at this stage I would instruct him to submit the $400 filing fee so his complaint could be screened under § 1915A. However, because plaintiff's allegations are so confusing and vague, I would have to dismiss his complaint immediately under Federal Rule of Civil Procedure 8 even if he submitted the $400 filing fee. As plaintiff has been advised on numerous occasions, Rule 8 requires that he provide fair notice of his claims to each defendant and set out claims that are plausible on their face. Nonetheless, plaintiff continues to file lengthy complaints with rambling and unrelated allegations, most of which do not appear to involve defendants Malone or Litscher at all. Plaintiff's repeated failure to comply with the court's direction results in a waste of judicial resources, as the court is required to sort through plaintiff's filings to determine whether he has any valid bases of relief. Further, plaintiff continues to raise arguments that have been rejected multiple times in previous cases.

2

I will give plaintiff one opportunity to file an amended complaint in this case that clarifies the nature of his claims against defendants, explains clearly why he believes he is in imminent danger of serious physical harm and eliminates claims that have been rejected in previous cases. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

(1) What is the specific harm about which plaintiff is complaining?

(2) When did the harm occur and who caused it?

(3) Why does plaintiff believe defendants Malone and Litscher are responsible for plaintiff's harm? In other words, what did defendants Malone and Litscher in particular do that makes them liable for violating plaintiff's constitutional rights?

(4) Why does plaintiff believe he is in imminent danger of serious physical injury?

(5) How does he think the court can help him?

Plaintiff should set forth his allegations in separate, numbered paragraphs using short, plain and double-spaced sentences. He should eliminate any information that is not related to his specific claims against defendants Malone and Litscher. In particular, plaintiff should avoid including allegations about harm he suffered at previous institutions or while on extended supervision, unfairness at his revocation proceeding or at other state or federal court proceedings or complaints about how this court has handled his prior lawsuits. I cannot perceive of any reason why such allegations would be relevant to a claim against defendants Malone or Litscher.

After plaintiff finishes drafting his complaint, he should review the complaint and

3

consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

If plaintiff submits an amended complaint by the deadline set forth below, I will review it. If he does not submit an amended complaint or show good cause why he is unable to do so, I will dismiss the case because plaintiff has failed to state a claim upon which relief may be granted. Finally, if plaintiff continues to submit filings raising claims that have been dismissed previously, I will consider imposing sanctions against him that would further restrict his ability to file lawsuits in this court.

ORDER

IT IS ORDERED that plaintiff James Alfred Smith, Jr. is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g), and his complaint is DISMISSED under Fed. R. Civ. P. 8. Plaintiff may have until June 21, 2018, to file an amended complaint that complies with Fed. R. Civ. P. 8 as explained above.

Entered this 1st day of June, 2018.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge