IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALFRED SMITH, JR.,

                Plaintiff,

v.

RONALD K. MALONE and JON E. LITSCHER,

                Defendants.

OPINION AND ORDER

18-cv-373-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 1, 2018, I dismissed plaintiff James Alfred Smith's complaint because it violated Federal Rule of Civil Procedure 8. I explained that plaintiff could have one opportunity to file an amended complaint that clarifies the nature of his claims against defendants and eliminates claims that have been rejected in previous cases. Dkt. #2. Additionally, because plaintiff is a restricted filer under 28 U.S.C. § 1915(g), I directed him explain clearly why he believes he is in imminent danger of serious physical harm. Id.

Plaintiff has filed an amended complaint in which he attempts to clarify his claims against defendants. Dkt. #3. Although plaintiff's amended complaint is still difficult to follow, I understand plaintiff to be alleging that defendant Ronald Malone, the warden of the Milwaukee Secure Detention Facility, violated his rights by failing to use the proper procedures for handling plaintiff's complaints concerning sexual assault and harassment. Plaintiff says that instead of using the procedures mandated by the Prison Rape Elimination Act, Malone requires plaintiff to use the Inmate Complaint Review System to file complaints. Plaintiff says that Malone's actions violate his rights to due process and rights

1

to be free from cruel and unusual punishment.

As has been explained to plaintiff in previous cases, the Prison Rape Elimination Act does not create a private right of action, and a prison's failure to follow procedures imposed by the Act is not, by itself, a constitutional violation. Smith v. Pollard, case no. 16-cv-10-slc, dkt. #18 at 8. A plaintiff may be able to state a claim under the Eighth Amendment by alleging that prison officials were deliberately indifferent to a risk of sexual assault. However, even if I assume that plaintiff has alleged facts sufficient to proceed on such a claim, plaintiff must either first pay the filing fee or satisfy the requirements of 28 U.S.C. § 1915(g). In this case, plaintiff has not alleged facts suggesting that he is presently facing an imminent risk of sexual assault about which defendants Malone or Litscher are aware but are disregarding. Instead, plaintiff's allegations about sexual assault and harassment seem to concern past incidents that he believes were not investigated properly. These allegations are not sufficient to support a claim of imminent danger. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."). Therefore, plaintiff may not proceed on any claims based on his allegations that defendants failed to adequately investigate his complaints of past sexual assault without first submitting the full $400 filing fee under § 1915(g).

In addition to his allegations about sexual assault investigations, plaintiff also includes allegations concerning medical care he has received for a hernia and abdominal pain, cramping and bleeding. He alleges that the care he has received for his medical problems has been inadequate. It is not clear from plaintiff's allegations whether he believes he is in

2

imminent danger of serious physical injury because of medical problems. Regardless, his allegations do not suggest that defendants Malone or Litscher are responsible for denying him medical care. Nor can I infer that the warden or the former Secretary of the Department of Corrections would be involved in making decisions regarding an inmate's medical treatment. Thus, even if plaintiff had pleaded allegations sufficient to support a claim of imminent danger regarding his medical care, he would need to file such claims in a separate case against different defendants.

In sum, plaintiff's allegations concerning actions of defendants Malone and Litscher do not support a finding that he is in imminent danger. Therefore, he may not proceed with this action without prepaying of the full $400 filing fee.

ORDER

IT IS ORDERED that plaintiff James Alfred Smith, Jr. is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g). Plaintiff may have until July 23, 2018 to pay the $400 filing fee to proceed with this action. After plaintiff pays the $400 filing fee, his complaint will be screened under 28 U.S.C. § 1915A. If plaintiff fails to pay the $400 fee by July 23, 2018, his complaint will be dismissed.

Entered this 2d day of July, 2018.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge