IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALFRED SMITH, JR.,

          Plaintiff,

v.

RONALD K. MALONE and JON E. LITSCHER,

          Defendants.

OPINION AND ORDER

18-cv-373-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 2, 2018, I denied plaintiff James Alfred Smith leave to proceed in forma pauperis under 28 U.S.C. § 1915(g), after he had failed to clarify why he believes he is in imminent danger of serious physical harm. Dkt. #4. I stated that plaintiff could not proceed with this action unless he paid the $400 filing fee by July 23, 2018. Instead of paying the fee, plaintiff filed what I interpret as being a proposed second amended complaint. Dkt. #8. He also filed an additional motion for injunctive relief in which he repeats many of the same allegations as the proposed second amended complaint. Dkt. #9.

In the documents, plaintiff eliminates most of his allegations involving defendants Ronald Malone and Jon Listcher and adds several new allegations regarding his recent transfer to Waupun Correctional Institution on June 22, 2018. In particular, he alleges that he was injured during the transfer and denied medical treatment upon his arrival. He also includes allegations against Brian Foster, the warden of Waupun Correctional Institution, that seem to repeat allegations he made against other officials in his previous complaints. In particular, he alleges that Foster violated his due process rights by refusing to process his

1

inmate complaints using the procedures mandated by the Prison Rape Elimination Act. Plaintiff alleges that Foster and other prison staff insisted he comply with prison rules regarding inmate complaints even though those rules violate the Act. (Plaintiff made the same allegations against defendant Ronald Malone, the warden of the Milwaukee Secure Detention Facility, in his previous complaints.) Plaintiff alleges that he complained to the Wisconsin Department of Justice about the Department of Corrections' failure to implement procedures required by the Prison Rape Elimination Act, but that his complaints were not taken seriously. Finally, in his request for relief, plaintiff asks the court to order a cystoscopy procedure so that doctors can determine the cause of blood in his urine.

Plaintiff's proposed amended complaint does not correct the problems I identified previously. First, plaintiff's primary concerns and the focus of his allegations relate to his view that the Department of Corrections has failed to properly implement the Prison Rape Elimination Act. As has been explained to plaintiff repeatedly, these allegations do not support a federal claim. The Prison Rape Elimination Act does not create a private right of action, and a prison's failure to follow procedures imposed by the Act is not, by itself, a constitutional violation. Smith v. Pollard, case no. 16-cv-10-slc, dkt. #18 at 8.

Second, although plaintiff may be able to state a claim under the Eighth Amendment by alleging that prison officials were deliberately indifferent to a risk of sexual assault or failed to provide adequate medical or mental health care after a sexual assault occurred, plaintiff has not included any specific allegations that would support such a claim against any of the named defendants. In particular, although plaintiff alleges that he has been sexually assaulted numerous times, he does not provide details about the assaults, such as

when or where they occurred. Nor does he explain why he believes the defendants are responsible for failing to protect him. Moreover, as explained previously, plaintiff has not alleged facts suggesting that he is presently facing an imminent risk of sexual assault such that he could proceed under 28 U.S.C. § 1915(g) without paying the full filing fee. Instead, plaintiff's allegations about sexual assault and harassment seem to concern past incidents that he believes were not investigated properly. These allegations are not sufficient to support a claim of imminent danger. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."). Thus, plaintiff may not proceed on any claims based on his allegations that defendants failed to adequately investigate complaints of past sexual assault without first submitting the full $400 filing fee under § 1915(g).

Finally, plaintiff states at the end of his pleading that he needs a cystocopy procedure, but he provides few allegations about his medical condition beyond stating that he has blood in his urine. As I explained to plaintiff previously, vague allegations about needing medical care are insufficient to support a claim of imminent danger, particularly where plaintiff has not alleged that defendants are involved in his medical care and his allegations about medical care appear completely unrelated to his primary claims regarding sexual assault investigations. Thus, as I stated previously, plaintiff's claims about medical care belong in a separate lawsuit against the officials directly involved in making decisions about plaintiff's medical care. Plaintiff is free to file such a lawsuit.

Plaintiff has now had multiple opportunities to plead allegations supporting a finding that he is in imminent danger or to pay the $400 filing fee. Because he has failed to do so,

this case will be dismissed.

ORDER

IT IS ORDERED that plaintiff James Alfred Smith, Jr.'s complaint is DISMISSED. The clerk of court is directed to close this case.

Entered this 3d day of October, 2018.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge